UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILLER WEISBROD, LLP, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-2695-B |
| | § | |
| KLEIN FRANK PC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Joint Motion to Remand (doc. 15) filed August 12, 2013. For

the reasons stated below, the Court **DENIES** Plaintiffs' Joint Motion to Remand.

I.

SUMMARY

This case arises out of an attorney's fees dispute in a state personal injury lawsuit. In late

2009, Plaintiff Miller Weisbrod, LLP's (Miller) predecessor in interest, Miller, Curtis, & Weisbrod,

LLP, was retained to act as local counsel in *Dawson v. Fluor Intercontinental, Inc. et al.*, Case No. 09-

cv-15340, a suit currently pending in the 134th District Court of Dallas County, Texas (the Dawson

Lawsuit).[1]  Doc. 16, Pls.' Br. 1-2. In that case, David and Stephanie Dawson entered into a fee

agreement with Miller, Curtis & Weisbrod, LLP, and Defendant Klein Frank PC (Klein Frank)

providing for an overall attorney's fee equal to 33.3% of any gross amount collected prior to appeal.

Doc. 1, Not. of Removal 3.  The agreement further provided that Miller, Curtis, & Weisbrod, LLP,

would take 30% of any attorney's fees collected and that Klein Frank would take the remaining 70%.

---

[1]Miller, Curtis & Weisbrod, LLP, was dissolved prior to the initiation of this case and its interest
in litigation was transferred to Miller Weisbrod, LLP. Doc. 1-3, Original Pet. 3.

Doc. 16, Pls.' Br. 2. In August 2010, Klein Frank terminated Miller, Curtis, & Weisbrod, LLP, and subsequently entered into an agreement with Plaintiff James E. Girards and James E. Girards P.C. d/b/a The Girards Law firm (Girards) in which Girards would receive 15% of any attorney's fees for acting as local counsel, with the possibility of receiving up to 30% of any attorney's fees if the case progressed to trial. Doc. 16, Pls.' Br. 2. In the fall of 2011, Klein Frank also terminated Girards. *Id.* The Dawson lawsuit was later tried before a jury and judgment was rendered for David Dawson, awarding $17,328,280.00 in damages. *Id.* The case is currently on appeal before the Texas Fifth District Court of Appeals. *Id.*

On June 4, 2013, Plaintiffs filed their Original Petition in state court seeking a declaratory judgment that Miller is entitled to a 30% share of attorney's fees from the Dawson lawsuit, or, alternatively, the fair value of services rendered under quantum meruit, and that Girards is entitled to a 15% share of the attorney's fees, or the fair value of services rendered under quantum meruit. Doc. 1-3, Original Pet. 6. On July 12, 2013, Klein Frank filed its Notice of Removal (doc. 1) based on diversity. On August 12, 2013, Plaintiffs filed a Joint Motion to Remand (doc. 15), contending that Klein Frank failed to plead facts sufficient to show that the statutory amount-in-controversy requirement had been met.

## II.

## LEGAL STANDARD

In an action which has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). 28 U.S.C. § 1441(a) allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal district courts have original

jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  The amount in controversy is determined at the time of removal.  *Gebbia v. Wal-mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

In determining whether the amount-in-controversy requirement is satisfied, the Court looks first to whether the plaintiff alleges a specific amount of damages in the petition.  *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003).  Where the plaintiff has in good faith alleged a sum certain that exceeds the requisite amount in controversy, that amount controls.  *De Aguilar* 47 F.3d at 1408.  Where, on the other hand, the plaintiff does not allege a particular sum in damages, the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum.  *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  In making this determination, the Court must assess whether it is "facially apparent" from the plaintiff's operative complaint, filed in state court, that damage claims exceed $75,000.  *Allen,* 63 F.3d at 1335. If it is not facially apparent that the claims exceed $75,000, the removing party may provide "summary judgment-type" evidence to demonstrate that the claims exceed the amount in controversy.  *Id.*  If a defendant meets its burden of establishing the jurisdictional amount, then the plaintiff must show that as a matter of law it is certain that her claims actually amount to less than $75,000 by either filing a binding stipulation or affidavit with her petition.  *De Aguilar,* 47 F.3d at 1412.

## III.

### ANALYSIS

The only issue raised in the Motion to Remand concerns the amount in controversy.  The

parties do not dispute that they are completely diverse.[2] The parties similarly do not dispute the size of the judgment in the Dawson lawsuit or the percentages of attorney's fees that the Plaintiffs were entitled to under their respective fee agreements. Rather, the parties' main dispute is whether the value of the Plaintiffs' claims to attorney's fees from the Dawson lawsuit meets the jurisdictional threshold while the judgment in the Dawson lawsuit is still on appeal in state court.

As an initial matter, Klein Frank has shown by a preponderance of evidence that the value of the Plaintiffs' claims to the attorney's fees from the Dawson lawsuit exceeded $75,000 at the time of removal. Even though Plaintiffs' Original Petition states that Plaintiffs respectively seek 30% and 15% of the attorney's fees award from the Dawson lawsuit, it fails to state a specific dollar amount of damages. Because the petition does not state a specific sum, the burden falls to Klein Frank to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar,* 11 F.3d at 58. Klein Frank has met its burden by showing that (1) the judgment in the Dawson lawsuit amounted to $17,328,280.00 (doc. 20-3, App. to Def.'s Resp., Final J. 2), (2) the initial attorney's fee agreement of the Dawson lawsuit provided for total attorney's fees of 33.3% of any gross amount collected prior to appeal (doc. 20-4, Order 2), and (3) Plaintiffs claim 30% and 15% of this total attorney's fee amount, or $1,715,499.71 and $857,749.86, respectively. Doc. 1, Not. of Removal 3-4; Doc. 1-3, Original Pet. 6.

---

[2] The parties previously engaged in litigation over the same issues in two lawsuits that were removed to the United States District Court for the District of Colorado. *See* Doc. 1, Not. of Removal 4; Doc. 3, Not. of Related Case. In those lawsuits, Klein Frank sought declaratory judgments as to Miller's and Girards's rights to attorney's fees recovered in the Dawson lawsuit. Doc. 1, Not. of Removal 4. In the Girards suit, the federal court found that diversity existed and that the amount in controversy exceeded $75,000, but it later dismissed the case for lack of personal jurisdiction. Doc. 1, Not. of Removal 4; Doc. 3, Not. of Related Case 2. In the Miller suit, the federal court remanded to the state district court on procedural grounds and the case was later dismissed by the state district court for lack of personal jurisdiction. Doc. 3, Not. of Related Case 2; Doc. 16, Pls' Br. 3.

Plaintiffs' main contention, however, is that, regardless of the current value of Plaintiffs' claims to attorney's fees, Klein Frank cannot meet its burden as to the amount in controversy because the Dawson lawsuit is on appeal and thus the amount of attorney's fees that will be collected remains merely speculative absent a final judgment or settlement. The amount in controversy is determined at the time of removal, however. *Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Moreover, events that occur subsequent to removal that reduce the amount in controversy below the jurisdictional limit do not deprive the district court of jurisdiction once it has attached. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-293 (1938); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391 (1998). Here, Defendant has shown by a preponderance of evidence that Plaintiffs' claims to attorney's fees far exceeded $75,000 at the time of removal. The fact that an appellate court could later reduce the judgment in the Dawson lawsuit, and thereby reduce Plaintiffs' recovery below the jurisdictional amount, neither reduces the value of Plaintiffs' claims as they existed at the time of removal, nor does it render the amount claimed so ambiguous that it is impossible to determine whether the object of the litigation exceeds $75,000.  By simply raising the issue of appeal, and without providing any additional evidence to support their position, Plaintiffs fail to establish as a matter of law that it is certain that their claims actually amount to less than $75,000. *De Aguilar*, 47 F.3d at 1412. Plaintiffs therefore do not rebut Klein Frank's evidence as to the amount in controversy, and the amount-in-controversy requirement is satisfied.

Contrary to Plaintiffs' suggestions, the fact that this is a declaratory judgment action does not alter the amount-in-controversy calculus.  In an action for declaratory relief, the amount in controversy is measured by the "value of the object of the litigation" or, in other words, "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705

F.2d 727, 729 (5th Cir. 1983), *Aladdin's Castle, Inc. v. City of Mesquite,* 630 F.2d 1029 (5th Cir.1980); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). Plaintiffs mistakenly assert that the value of the right to be protected in this action is "the value of Plaintiffs' requests for declarations regarding their right to recover attorney's fees should there be a final judgment or settlement in the Dawson Lawsuit." Doc. 16, Pl.'s Br. at 5. The object of this litigation is not the Plaintiffs' requests for declaration, however. It is the amount of attorney's fees Plaintiffs can recover pursuant to their fee agreements in the Dawson lawsuit. As stated above, the value of the attorney's fees that Plaintiffs seek is determined at the time of removal and is not conditioned upon the eventual outcome of the Dawson lawsuit.

Finally, Plaintiffs contend that it is at least uncertain whether Defendant can meet its burden of showing that the amount in controversy exceeds the jurisdictional threshold, and that the Court should therefore grant the motion to remand because "any doubt as to the propriety of removal should be resolved in favor of remand." *Chocolate Prescription,* 2013 WL 1187276 at *1, *quoting Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Doc. 16, Pls.' Br. 7. The authorities cited above, however, erase any doubt as to the proper resolution of this Motion to Remand and provide sufficient basis for finding that the amount-in-controversy requirement has been met.

## IV.

## CONCLUSION

For the reasons stated above, removal was proper and Plaintiffs' Joint Motion to Remand is **DENIED**.

SO ORDERED.

Dated: September 13, 2013.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE