UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILLER WEISBROD, LLP, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-2695-B |
| | § | |
| KLEIN FRANK, PC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Klein Frank's Motion to Stay or Abate Proceedings Pending Result in Texas State Appeal (doc. 49), filed February 14, 2014. Also before the Court is Klein Frank's Motion Re-Urging the Continuance of Trial (doc. 59), filed June 12, 2014. For the reasons stated below, Klein Frank's Motion to Stay (doc. 49) is **DENIED**. Klein Frank's Motion Re-Urging the Continuance of Trial (doc. 59) is also **DENIED in part**.

## I.

## BACKGROUND

This case arises out of an attorney's fees dispute in a state personal injury lawsuit. In late 2010, Defendant Klein Frank P.C. (Klein Frank) contacted Plaintiffs James E. Girards and James E. Girards P.C. d/b/a The Girards Law Firm ("the Girards") to ask them to serve as local counsel in *Dawson v. Fluor Intercontinental, Inc. et al.*, Case No. 09-cv-15340, a suit currently pending in the 134th District Court of Dallas County, Texas (the Dawson Lawsuit). Doc. 1-3, Orig. Pet. ¶ 13. The Girards agreed and David and Stephanie Dawson, the plaintiffs in the underlying state court action, signed a fee agreement with Klein Frank, which was also approved by the Girards. *Id.*; doc. 41,

- 1 -

Written Ag. Ex. A. This fee agreement provided for an overall attorney's fee equal to 33.3% of any gross amount collected prior to appeal. Doc. 41, Written Ag. Ex. A, at 1. Klein Frank and the Girards disagree as to the form and substance of their fee sharing arrangement, as well as to each firm's entitlement thereunder, and their respective arguments are presented in their briefs addressing Klein Frank's currently pending motion for summary judgment. Doc. 41, Mot. for Summ. Jmt.

In the fall of 2011, Klein Frank terminated the Girards. Docs. 1-3, Orig. Pet. ¶ 17; 6, Def.'s Answer ¶ 17.  Subsequent to the Girards' termination and withdrawal from the case, the *Dawson* lawsuit was tried before a jury and judgment was rendered for David Dawson, awarding $17,328,280.00 in damages. Doc. 1, Notice of Removal 1. The case is currently on appeal before the Texas Fifth District Court of Appeals. Doc. 3, Notice of Related Cases.

### III.

### ANALYSIS

Klein Frank argues that this case should be stayed until the resolution of the appeal in the *Dawson* suit, which will likely not commence until after the trial of this case. Doc. 49, Def.'s Br. 2. Klein Frank insists that both parties will benefit from a stay under the circumstances of this case because there is a possibility that the state court judgment will be reversed, in which case neither party will recover a fee and the main point of contention in this litigation will be mooted. *Id.* at 4-6. Klein Frank also maintains that if this case proceeds to trial there is a risk of disclosure of work product and attorney-client communications which may adversely affect the underlying state appeal. *Id.* at 6-8. Finally, Klein Frank argues that allowing this case to proceed to trial will cause the parties to violate the Texas Disciplinary Rules of Professional Conduct, which prohibit an attorney from knowingly using confidential information to a client's disadvantage without the client's consent. *Id.*

at 9.

The Girards respond by insisting that the evidence in this case will not affect the underlying appeal. Doc. 50, Pls.' Resp. 1. They further maintain that the fact that the parties may end up receiving no fees following the appeal of the *Dawson* suit does not justify granting a stay. *Id.*

Generally, when a federal suit seeks only a declaration of rights, the court's discretion to stay the case is governed by a multi-factor analysis derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005). "*Brillhart* abstention analysis involves three overarching considerations—federalism, fairness, and efficiency—and is guided by several nonexclusive factors." *Cont'l Ins. Co. v. Gifford-Hill & Co., Inc.*, No. 3:12-CV-0925-D, 2013 WL 1875930, at *3 (N.D. Tex. May 6, 2013). The Fifth Circuit has set out seven nonexclusive factors that district courts consider when determining whether to abstain or decide a declaratory action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003) (interpreting factors from *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). Even when this standard is not strictly applicable, the district courts retain inherent power to stay a federal lawsuit in favor of a concurrent lawsuit. *Primerica Life Ins. Co. v. Twyman*, No. 3:01-CV-1659-BD, 2002 WL 83750, at *3 (N.D. Tex.

Jan. 14, 2002). *See also, Trinity Industries, Inc. v. 188 LLC*, No. 3:02-CV-405-H, 2002 WL 1315743, at *2 (N.D. Tex. June 13, 2002) (staying case because a related case that addressed substantially similar issues between the same parties was on appeal to the Seventh Circuit). But a stay should only be granted under these circumstances when the other tribunal has power to "render an effective judgment on issues that are necessary to the disposition of the stayed litigation." *Id.*

Even when the Court may not exercise its discretion to stay proceedings under *Brillhart*, it still retains the authority to stay proceedings pursuant to its inherent power to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, the Supreme Court has characterized the circumstances in which such a stay is appropriate as "rare" and has insisted that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. In deciding whether to exercise the discretion to stay litigation, the Court should consider the interests of each party, as well as the conservation of judicial resources. *See id.* at 254-55; *Wolf Designs, Inc. v. Donald McEvoy, Ltd.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004). Though not completely unbounded, a district court has broad discretion when determining whether to grant a stay pursuant to its inherent powers. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). In doing so, the court must "carefully consider the time reasonably expected for resolution of the other case" for a stay order "may be neither immoderate or of an indefinite duration." *Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp.*, No. 4:08-CV-684-Y, 2009 WL 464989, at *3 (N.D. Tex. Feb. 23, 2009).

Although Klein Frank's arguments do not explicitly take into account the *Trejo* factors, the majority of the cases that it relies upon to support its position involve cases in which a federal court

must determine whether to abstain from hearing a case due to a parallel state case. Accordingly, the Court will first consider Klein Frank's arguments in light of the *Trejo* factors as laid out in *Sherwin-Williams* and related cases.[1] It will then address Klein Frank's arguments that the Court should grant a discretionary stay pursuant to its inherent powers, as provided by *Landis*.

The seven *Trejo* factors do not weigh in favor of granting a stay in this case. Klein Frank does not touch on the first, second, third, and fifth elements of the *Trejo* analysis at all, nor can the Court find anything in the record to indicate that these factors are implicated in this case. The state suit and this federal suit are not parallel, and because the legal and factual issues of the two suits do not overlap, none of the matters in controversy stand to be fully litigated. *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998) (overturning a dismissal of an insurance company's declaratory action suit when a non-parallel suit to determine underlying liability was underway). Furthermore, there is no indication in the record that the Girards filed suit in anticipation of a lawsuit filed by the defendant or engaged in forum shopping by bringing this suit, and there is nothing to suggest that this court is not a convenient forum for the parties.

Klein Frank's arguments do touch on the fourth (whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist) and fifth (whether retaining the lawsuit would serve the purposes of judicial economy) factors in the analysis, but they provide little weight in favor of granting a stay. The only possible inequity that Klein Frank asserts

---

[1] Usually, when a Court determines whether it should abstain or decide a declaratory judgment action, it would consider "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) how to exercise its broad discretion to decide or dismiss the action." *Cont'l Ins. Co.*, 2013 WL 1875930, at *2. Although the parties only focus on the issue of abstention, which addresses the third factor, the Court notes for the sake of completeness that this case is justiciable and that it is properly presented before the Court based on the Court's diversity jurisdiction.

may arise if the case proceeds is the possibility that information that will prove adverse to the Dawsons in the underlying appeal will be disclosed. Contrary to Klein Frank's assertions, however, there is no indication in the record, including those materials that the parties submit in support of their summary judgment briefs, that the parties will be forced to disclose such adverse materials in order to effectively establish their respective rights under the disputed fee sharing agreement. Moreover, the factual and legal issues of this case and the underlying state appeal are not sufficiently similar such that the Court can foresee that such disclosure will likely occur. Finally, the fact that materials could be disclosed that prove adverse to the Dawsons in their case does not indicate that the Girards are "using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds," *Sherwin-Williams Co.*, 343 F.3d at 391, and therefore does not weigh in favor of staying this case under *Trejo*.

Although Klein Frank argues that there is the possibility that the verdict in the underlying lawsuit will be overturned on appeal and that the parties will accordingly recover no fee, this possibility does not make proceeding in this case uneconomical. To the contrary, this case has been pending for over a year and has been substantially briefed such that it would likely promote judicial economy to proceed to a decision on the merits. *Agora*, 149 F.3d at 373. No matter the decision of the state appellate court, the parties' dispute is properly presented and will have to be decided eventually by this Court, and there is no reason why this decision cannot be reached pursuant to the current deadlines set in the scheduling order.[2]

Taking into account all of the *Trejo* factors, therefore, the Court determines that the

---

[2]The seventh *Trejo* factor is inapplicable here.

considerations of federalism, fairness, and efficiency weigh against granting a stay in this matter. Furthermore, this is not a case in which, though a *Trejo* analysis does not support abstention, the Court retains inherent power to stay the proceedings because the state court will "render an effective judgment on issues that are necessary to the disposition of the stayed litigation." *Trinity Industries, Inc.*, 2002 WL 1315743, at *2. Accordingly, the Court will not exercise its discretion to grant a stay of this case pursuant to *Brillhart*.

Although Klein Frank fails to show that a consideration of the *Trejo* factors justifies the imposition of a stay until a resolution of the underlying state appeal, it maintains that the Court should still grant a stay pursuant to its general discretion to stay cases for the purposes of docket management and judicial economy. But while some courts have granted stays in light of parallel state proceedings under their inherent powers to control their docket, *see, e.g.*, *Primerica Life Ins. Co.*, 2002 WL 83750, at *3 (granting a stay pursuant to the court's inherent powers even though the *Trejo/Brillhart* factors did not require abstention), such an action would be inappropriate here because Klein Frank has failed to make a sufficient showing to justify such an action.

Again, the Court must consider the interests of both the parties as well as judicial economy in making its decision, and Klein Frank bears the burden of showing that these considerations weigh in favor of granting a stay. *See Landis*, 299 U.S. at 254-55.[3] Klein Frank does not show, however, that it would experience hardship or inequity that would necessarily outweigh other considerations like

---

[3]The Girards do not address whether there is a "fair possibility" that the stay would work damage to them should it be granted. *Landis*, 299 U.S. at 255. This oversight on the part of the Girards does not require the Court to grant the requested stay, however, and it does not relieve Klein Frank of its burden to show some hardship or inequity that would outweigh other relevant considerations, such as the "orderly course of justice." *Lamar Co., LLC v. Continental Cas. Co.*, No. CV-05-320-AAM, 2007 WL 81876, at *1 (E.D. Wash. Jan. 8, 2007).

judicial economy. While Klein Frank does maintain that all of the parties, including the Dawsons, would be prejudiced if any materials that come out of this trial adversely affect the outcome of the state appeal, this argument does not demonstrate how Klein Frank would uniquely experience hardship or inequity in being forced to proceed to trial. *Landis*, 299 U.S. at 255 ("The *suppliant* for a stay must make out a clear case of hardship or inequity in being required to go forward") (italics added); *GATX Aircraft Corp. v. M/V Courtneigh Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity *to the suppliant* who is required to defend . . . .") (italics added). Moreover, such a speculative injury does not weigh strongly in favor of imposing a stay when this case could otherwise proceed shortly to a conclusion. *Federal Ins. Co. v. CompUSA Inc.*, No. 3:01-CV-0593-D, 2001 WL 1149109, at*2 (N.D. Tex. Sept. 26, 2001) (denying a motion to stay in a federal declaratory judgment action when the specific issues before the court did not directly "depend on any rulings that may or may not be made in the state appellate or trial court"); *LG Electronics, Inc. v. U.S. Int'l Trade Comm'n*, No. 13-0100, 2013 WL 5943229, at *3 (Ct. Int'l Trade Nov. 6, 2013) (refusing to grant a stay pending a judgment in a related case because the potential for remand and a reduction in relevant dumping regulations was merely speculative)[4]; *see also Whitaker*, 2009 WL 464989, at *1 (denying motions for protective order and to stay proceedings when a defendant raised concerns that it would be forced to reveal potentially privileged material during discovery that would in turn affect a related case). Finally, even

---

[4]The same logic applies with equal force to Klein Frank's speculative claim that the underlying state appeal may be reversed and that the parties may consequently recover nothing in fees. Such arguments do not weigh strongly in favor of granting a stay in a case where the issues are otherwise ripe for review. *Federal Ins. Co.*, 2001 WL 1149109, at*2 (denying a motion to stay in the federal declaratory judgment action in the interest of judicial economy, even though the state decision could potentially determine the federal defendant's liability in the federal suit).

taking Klein Frank's assertion that it may be forced to adduce materials that will adversely affect the Dawsons as a valid argument for granting a stay, Klein Frank points to nothing in the record which suggests that such disclosures will occur. The Girards respond by insisting that the evidence to be presented here will not affect the appeal in the underlying case, doc. 50, Pls.' Resp. 1, leaving the Court with only the parties' unsupported assertions to guide it in considering the appropriateness of granting a stay here.

Weighing against Klein Frank's largely unsupported claims are principles of judicial economy. As noted above, dispositive motions are currently ripe for review in this case and an ultimate decision on the merits is not dependent upon any decision in the underlying state appeal. Additionally, trial is scheduled to occur in less than a month and discovery has already closed. Because the Court and the parties have already expended significant resources on the issues in this case, and because the Court can find nothing in the record that indicates that disclosure of sensitive materials will be necessary to decide the issues in this case, the Court concludes that Klein Frank has failed to meet its burden to show that a stay is justified under these circumstances.

As to the ethical considerations that Klein Frank raises, an attorney may disclose some client information under certain circumstances, including when seeking to enforce an attorney's fee agreement. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05(b) cmt. 15; *Whitaker*, 2009 WL 464989, at *3 ("An attorney seeking to enforce its entitlement to a fee may, however, prove the services rendered to a client and, in doing so, disclose privileged information to the extent 'reasonably necessary' so long as such disclosure is 'as protective of the client's interest as possible.'"). Thus, if the Girards did in fact have an attorney-client relationship with the Dawsons, then they may still rely on otherwise privileged materials in order to establish their entitlement to a fee.

The two cases upon which Klein Frank primarily relies do not govern this case. Neither of the cases are binding on this Court, and the Court does not find them ultimately persuasive. For instance, in *Lamar Co., LLC v. Continental Cas. Co.*, the plaintiff sought a declaration that the defendants were liable for damages that a third party sought against the plaintiff, Lamar Co. LLC, in a related state action. 2007 WL 81876, at *1 n.2. While the federal suit was pending, the state district court granted summary judgment to Lamar Co., LLC, and the opposing party in the state case appealed. *Id.* at *1. The Court in the federal suit agreed to grant a stay in its discretionary power pending the resolution of the state appeal, noting that an affirmance in that case would ultimately moot the controversy in the federal action, which would in turn render any further action in the federal suit a waste. *Id.* at *3.

Here, by contrast, the underlying state case has already proceeded to trial and a verdict has been returned in favor of the Dawsons. Only if the state appellate court reverses the state court judgment and the Dawsons subsequently recover nothing could this case be rendered meaningless; any recovery otherwise will implicate the questions presented here. Furthermore, *Lamar* runs directly contrary to this Court's decision in *Federal Insurance Company*, where it rejected a party's request for a stay when a state court judgment had been appealed after the state district court had entered a take nothing judgment in favor of the federal suit defendants, even though the state appeal could potentially foreclose the necessity of deciding the federal suit. *Federal Ins. Co.*, 2001 WL 1149109, at *1.

The other case that Klein Frank relies upon, *McCullough v. Minnesota Lawyers Mut. Ins. Co.*, No. CV-09-95-BLG-RFC-CSO, 2010 WL 441533, at *1 (D. Mont. Feb. 3, 2010), fails to persuade the Court for similar reasons that *Lamar* does, but it is additionally inapposite because it involved

a suit for money damages under a slightly different standard applied by the Ninth Circuit. Additionally, the Court in *McCullough* concluded that a stay was appropriate because the issues that would be decided in the underlying suit, a suit for damages against an insured party, would have "substantial impact" on the plaintiff's third party bad faith claims against the insurer in federal court, possibly even foreclosing the claims altogether. *Id.* at *5-*6. Here, by contrast, the resolution of the underlying appeal will not decide the issues presented or otherwise affect their resolution, but may only make further proceedings futile should the state appellate court overturn the jury's verdict. Additionally, while it is easy to foresee the harm that may arise from permitting discovery of an insurer's file in a third party bad faith suit when the case against the insured is then on appeal, the Court has already noted here that deciding the firms' respective entitlements under their fee sharing agreement will not likely lead to the disclosure of materials that could prejudice the Dawsons in the underlying suit.

For the foregoing reasons, Klein Frank's Motion to Stay (doc. 49) is **DENIED**.

Also before the Court is Defendant Klein Frank's Motion Re-Urging the Continuance of the Trial (doc. 59), filed June 12, 2014. To the extent that Klein Frank re-urges that the Court stay this action pending the result in the underlying appeal, the Court **DENIES in part** Klein Frank's Motion (doc. 59). In the Motion Re-Urging Continuance, Klein Frank also seeks leave to take preservation depositions or, in the alternative, for the Court to set a trial date after July 22, 2014, that is more certain so as to enable Klein Frank's witnesses to appear and provide testimony. The Girards are opposed to this relief, although it is not clear from Klein Frank's Motion as to the reasons for the Girards's opposition. Accordingly, the Court **ORDERS** the Girards to file a response to Klein Frank's Motion Re-Urging Continuance **no later than seven (7) days** from the date this Order is issued.

Klein Frank's reply, if any, will be due **no later than four (4) days** after the Girards file their response.

      SO ORDERED.

      Dated: June 17, 2014.

                        _____

                        JANE J. BOYLE
                        UNITED STATES DISTRICT JUDGE